UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00310-FDW

| | |
|---|---|
| BRICE C. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| KENNETH LASSITER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. (Doc. No. 1). Also before the Court are Plaintiff's Motion to proceed in forma pauperis (Doc. No. 2), which the Court shall grant, and Motion for Appointment of Counsel (Doc. No. 3), which shall be denied.

**I.      BACKGROUND**

Pro se Plaintiff Brice Moore is a North Carolina inmate incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1.) He names Kenneth Lassiter, identified as Director of Adult Prisons, as the sole Defendant. Plaintiff alleges that his federal constitutional rights are being violated because there is feces in the ventilation system of the cell-block where he is housed at Marion.

Marion is within the territorial jurisdiction of the United States District Court for the Western District. See 28 U.S.C. § 113(c). Accordingly, the Eastern District transferred the case to this Court, where venue is proper, see 28 U.S.C. § 1391(b). (Doc. Nos. 5, 6.)

1

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Likewise, 28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Additionally, while a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A complaint fails to state a claim for relief if after accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences from those allegations in the plaintiff's favor, the complaint does not contain enough facts to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to

demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's allegations are related to the conditions of his confinement, which implicates the Eighth Amendment.

To prove an Eighth Amendment violation based on conditions of confinement, a plaintiff must allege facts demonstrating the serious deprivation of a basic human need (the objective prong) and deliberate indifference to the jail conditions by the defendant (the subjective prong). Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Under the objective prong, "extreme deprivations" are required to make out a conditions-of-confinement claim. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). To show an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler, 989 F.2d at 1381, or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions, see Helling v. McKinney, 509 U.S. 25, 33-35 (1993).

Plaintiff alleges he was moved to restrictive housing in E-Block at Marion on May 3, 2018. Beginning on May 7, 2018, and continuing through October 14, 2018, when Plaintiff filed the instant Complaint, the smell of feces emanated from the ventilation system in E-Block.

3

Plaintiff reported the smell to the Unit Managers several times, but they refused to come into the cell block and address the issue. On May 26, 2018, Plaintiff turned in a sick-call form complaining of headaches caused by the smell of the feces. Plaintiff alleges that between May 7 and October 14, 2018, he has been unable to read because of constantly burning eyes and has experienced headaches, dizziness, and nausea caused by the feces fumes. (Compl. ¶¶ 7-12, Doc. No. 1.) He contends Marion officials "blamed some mental health inmate who is no longer here," but "the problem continues to exist because it's been put inside the ventilation system by [gang members who are targeting Plaintiff]." (Compl. ¶¶ 28, 26.)

Even assuming these facts allege the kind of deprivation that will survive initial review under the Eighth Amendment's objective prong, Plaintiff has failed to allege sufficient facts to survive initial review with respect to the Eighth Amendment's subjective prong, see Strickler, 989 F.2d at 1379. The Court first notes that Defendant Lassiter is alleged to be the Director of Prisons, not a prison official at Marion. Plaintiff seeks to impose liability against Lassiter in his official capacity (Compl. ¶ 5),[1] and the allegations against Lassiter are based solely on his supervisory status as Director of Prisons, rather than on any personal participation in the alleged Eighth Amendment violation.[2]

The doctrine of respondeat superior is inapplicable to § 1983 claims. See Iqbal, 556 U.S.

---

[1] Plaintiff does not seek damages against Lassiter; rather, he asks that the Court order Lassiter to take corrective measures at Marion. "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (citations and internal quotation marks omitted).

[2] The Court notes also that Plaintiff has filed two civil rights complaints against Marion's Superintendent, Hugo Corpening, and two Marion officials, T.A. Boysworth and T. Hamilton, identified as E-Block Unit Managers, claiming Eighth Amendment violations due to feces in the ventilation system. See Compl., Moore v. Corpening, et al., No. 1:18-cv-00191-FDW (W.D.N.C.), Doc. No. 1; Compl., Moore v. Corpening, et aI., No. 1:19-cv-00005-FDW, (W.D.N.C.), Doc. No. 1. Moore took a voluntarily dismissal in case No. 1:18-cv-00191-FDW, in favor of pursuing his claims against the same defendants in case No. 1:19-cv-00005-FDW, which remains open. See Moore, No. 1:18-cv-00191-FDW, Doc. No. 22 (dismissing action without prejudice).

at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). To establish supervisory liability under § 1983, a plaintiff must allege facts showing: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Randall v. Prince George's County, Md., 302 F.3d 188, 206 (4th Cir. 2002) (quotations omitted). In Farmer v. Brennan, the Supreme Court clarified that,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

511 U.S. 825, 837 (1994).

In his Complaint, Plaintiff alleges that "on June 5, 2018, he mailed Kenneth Lassiter a Grievance concerning" the feces-in-the-ventilation problem and that Lassiter "refused to order for the violation to be addressed." (Compl. ¶ 13.) The Court takes judicial notice that the North Carolina Department of Public Safety ("NCDPS") provides a three-step administrative remedy procedure for prisoner complaints ("the ARP"). See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Step One of the ARP enables any inmate in NCDPS custody to submit a written grievance on Form DC-410 to a prison staff member. NCDPS ARP § .0301(a).[3] If the inmate is not satisfied with the decision reached by facility officials at the Step One level of the ARP, he

---

[3] See N.C. Dep't Pub. Safety, Policy and Procedures, Ch. G, §§ .0300 et seq., available at http://www.ncdps.gov/Adult-Corrections/Prisons/Policy-Procedure-Manual/g300.pdf (Issue Date: 08/01/13).

may request relief from the Facility Head (Step Two). Id. § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head at Step Two, he may appeal his grievance to the Secretary of the NCDPS through the inmate grievance examiner (Step Three). Id. § .0310(c)(1). If, at Step Three, the inmate grievance examiner recommends relief in favor of the prisoner, the Director of Prisons must review the grievance and recommendation and may make comments to the NCDPS Secretary prior to the Secretary's approval, modification, or rejection of the inmate grievance examiner's order for relief. Id. § .0310(c)(4)(5). The decision by the inmate grievance examiner or a modification by the NCDPS Secretary constitutes the final step of the ARP. Id. § .0310(c)(6).

The Director of Prisons plays no role in Steps One or Two of the ARP. Id. § .0310(a)-(b). Moreover, the ARP contains no provision for an inmate to mail a grievance directly to the Director of Prisons. And, since Plaintiff has not alleged any fact from which it can be reasonably inferred that Lassiter opens and reads every piece of mail addressed to him as the Director of Prisons, it likewise cannot be inferred that he received and read the grievance Plaintiff sent him. Finally, although Plaintiff submitted at least one grievance about the ventilation situation that went through all three steps of the ARP (Jul. 30, 2018 Step Three Admin. Remedy Resp., Doc. No. 1-2), he does not allege that an inmate grievance examiner recommended relief in his favor. By implication, then, Lassiter would not have reviewed Plaintiff's grievance as part of Step Three. In sum, the mere fact that Plaintiff mailed Lassiter a grievance complaining of feces in the ventilation system is not enough to raise his claim that Lassiter knew of and was deliberately indifferent to Plaintiff's situation above the speculative level. See Twombly, 550 U.S. at 555 (A complaint fails to state a claim for relief if after accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences from those allegations in the

plaintiff's favor, the complaint does not contain enough facts to "raise a right to relief above the speculative level."). Plaintiff's Complaint fails to survive initial review.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action for failure to state a claim upon which relief may be granted. See § 1915(e)(2); § 1915A. Dismissal shall be without prejudice to Plaintiff's ability to seek relief against Defendant Lassiter in the future, if the facts supporting such relief are sufficient to raise the right to relief above the speculative level, see Twombly, 550 U.S. at 555.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2);

2. Plaintiff's Motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED**; and

3. Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED**.

Signed: January 24, 2019

Frank D. Whitney
Chief United States District Judge